## PEOPLE v. GEHRIG.

### Cr. No. 974; May 13, 1903.

72 Pac. 717.

**Criminal Law—Appeal— Failure to Appear.**—Under Penal Code, section 1253, providing that a judgment may be affirmed if the appellant fail to appear, but can be reversed only after argument, though the respondent fail to appear, a judgment of conviction could only be affirmed where defendant filed no brief, made no appearance, and submitted the case on the record without argument.

APPEAL from Superior Court, Sierra County; Stanley A. Smith, Judge.

Frank Gehrig was convicted of manslaughter, and he appeals. Affirmed.

F. D. Soward and L. W. Fulkerth for appellant; U. S. Webb for the people.

GRAY, C.—In this case the defendant was convicted of manslaughter, and sentenced to ten years' confinement in the state prison. He appealed from the judgment and from an order denying a new trial. He has filed no brief and made no appearance upon the appeal. The appeal is ''submitted on the record'' without argument. Section 1253 of the Penal Code reads as follows: ''The judgment may be affirmed if the appellant fail to appear, but can be re-

versed only after argument, though the respondent fail to appear.'' Under this provision of the law but one disposition can be made of the case in its present condition; it can be affirmed. We therefore advise that the judgment and order appealed from be affirmed.

We concur: Haynes, C.; Chipman, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.